And good morning, everyone. Alright, Mr. Smith, on behalf of the appellant, you may proceed. Good morning, Your Honor. Good morning, Counsel. May it please the Court. My name is Andrew Smith. I represent Jordan Easton in this case. 604D was designed to eliminate needless trips to the appellate court while also protecting the due process rights of the defendant. By merely reciting the language of OR instead of AND, the 604D certificate in this case fails to accomplish these goals. Recognizing this problem, the legislature amended 604D so that it now requires that the defense attorney... The legislature or the Supreme Court? The Supreme Court. Amended 604D so it now requires that attorneys certify that he or she discussed with the defendant his claims of error in the guilty plea and the sentence. Counsel must also certify that he or she has read the transcript of the sentencing hearing. That's not in the rule as well. Correct. And that's... And that didn't happen here, did it? No. Okay. But go on, Your Honor. This amendment should be applied retroactively for two reasons. First, it is curative and curative amendments ordinarily should be applied to pending cases. Second, it is procedural and does not impair a vested right. In light of people being two-signant, the amendment of 604D is clearly a curative amendment. Two-signant addressed the meaning of 604D and held that the rule required that an attorney certify that he or she discussed with the defendant his claims of error in the guilty plea and the sentence. In Thomas' concurrence, he stated that he believed the rule should be amended to more accurately reflect this court's intent. It is then no accident that the amended language tracks the exact holding of two-signant. Since the amendment was curative, it should be applied to this case. Now, there's also a recent case out of the Third District that says exactly that, does it not? People v. Evans, the court there held that the amendments to Rule 604D apply retroactively, correct? Correct. So you have that authority to point to. Right. That was a recent case. I cited it as additional authority. It came out in January. In that case held that 604D is a procedural rule and it should be applied retroactively for that reason. They held that it does not impair a vested right and, in fact, enlarges a vested right. Did they actually say that it applied retroactively to cases that are non-final? This case, if it's a final judgment, then that would be a vested right. As in remarriage, it do get held. But as it's still on appeal, it's not a final judgment yet. And that gets to a point of why the 604D should get as important is it's not just there for the trial court. While it's important to ensure to the trial court that all bases were raised and it's important for the defendant to have the opportunity to consult with his attorney, it's also going to come in play for collateral appeals down the line. And so it's not just simply a final, it's not a completed transaction as some of the cases have talked about. Don't we also have to consider the doctrine that we should interpret the rule according to the director's intent? Isn't that sort of in the mix as well? Yeah. So that was taken from Landgraf, the Supreme Court case. And that case stated that the way to apply whether a rule is retroactive is to look at the legislative intent. If it's not clear on the face what the legislature's intent was, then you go to the second step. In the second step, there is a bit of disagreement on the courts about what the second step actually is. The Supreme Court, in a recent case, and I'm sorry, this came out in December, I did not cite this in my brief. It's People X Rel Alvarez v. Howard, said that we don't go to the second step of Landgraf and start asking whether a duty is imposed, and that we instead go to the statute on statutes and just look to see whether it's procedural and whether it impaired a vested right. And that is how People v. Evans addressed the issue. Can you give us your best argument in summary as to how this, applying it retroactively, effectuates the drafter's intent? If the certificate says or, that it is leaving open in the future collateral appeals because it does not rebut a claim that I was consulted about both the guilty plea and the sentence. So it acts in that way to rebut the claim. It's also, if a certificate's ambiguous, if we have or being used, it's ambiguous, and we don't know whether the attorney is actually complying with the rule under 269, which required that you look at, that you consult about both the guilty plea and the sentence. So we have a certificate that's supposed to be clear and explicit saying what exactly happened, and that it complied with the rule, and it's ambiguous, then the purpose of the rule seems to not be being served. And this was the holding in 269. They instead, they stated that using or, that they changed the meaning of the word or to and, and stated that it is the duty of or the obligation of the attorney to consult both the guilty plea and the sentence with the defendant. And this ensures a more efficient court system. This not only benefits the defendant, it benefits the court system. It allows for the defendant to be locked in during his guilty plea so that everything is raised before the trial court, and then it can be raised again on direct appeal, and we don't have these other things being raised for collateral appeals. There was a case that the state cited, People v. Yarborough, and they talked about how this case should not be applied retroactively because a duty was imposed on the attorney because they had to state and instead of or.  While pending on appeal, the Zayer principles came out directing the judge to specifically state Zayer principles to the defendant. Since those did not occur in that case, the defendant argued that the case should be, have a whole new trial. The Zayer principles of the procedure should be applied retroactively, he should get a new trial. The court said, no, we're not going to give everyone a new trial just because the Zayer principles were not given. That would not be fair. It would not make much sense. In contrast to this case, it is a simple procedure to remand a case and have the 604D certificate filed correctly so that we ensure everything has been raised and have a hearing. We're not asking for an entire new trial, it's just a post-plea motion. So this seems to be, the equity weighs in favor of finding that and should be stated in this case. It's equitable for the favor of the court system and the defendant. What did Minow say? Yeah, Minow said that because the precise language of the Supreme Court rules said or that if you did write or, you would not be, you would not be able to comply with the rule. So they just looked at the plain language. The problem with Minow, and Justice Jorgensen pointed that out, is that if you are using or, it's still unclear what's happening. And so that the good practice should be to use and. And this is what the Supreme Court of Illinois said. That if you continue to use or, it leaves open the possibility of later on appeal on collateral and post-conviction. And it's rendering the 604D certificate basically ineffective. And so it's losing its purpose. And it's not just there to. Well, it renders it defeasible. It renders it vulnerable to defect. It doesn't guarantee or ensure that all areas of possible review are actually covered. And it also creates confusion, though. Because under the plain meaning of or, if someone reads that certificate, it's not clear whether the attorney is doing what they're supposed to do. And that's exactly what the certificate is supposed to show. It's supposed to show clearly that the attorney did what he was supposed to do. And if you're using or, that's not clear. So it means I did one or the other, basically. Yeah, well, yeah. We don't know. In this case, the or related to the lack of certification that defense counsel reviewed the transcript of the sentencing here. Yeah. And the point of this case was he was seeking a reconsideration of his sentence. Correct. So in this case, he was prejudiced. But what if he was only attempting to vacate his plea? And you didn't have a certification that the person looked at the sentencing hearing transcript. At least on point, he has an established prejudice. Prejudice is, it's been pretty well established that prejudice is not required. A showing, the prejudice is the defect of the certificate. That's the prejudice. Because it cannot help, it cannot clear up the confusion. Well, until Tusa did, there was nothing defective about the certificate because it was in compliance with the rule. And the Tusa, yeah, didn't change that. We're making a logical argument and the rule obviously was amended recently. Do you have any case law that says prejudice is not a part of the analysis? Yes. In this context of a 604-D. I don't remember the case name. I know Shirley addressed prejudice and said that. Was that in the context of 604-D? That was in context of when to file 604-D. Okay. And it said that there would be prejudice that when you filed it was not, did not harm the defendant. But it would have been prejudicial if the correct language was not used. And that strict compliance is required. Jane also talks about strict compliance. I mean, I don't know that prejudice is or should be part of the analysis. But as you know, we frequently get that issue when it comes to effective assistance to counsel where that's a component of the analysis. I don't know that I've seen it specifically. Doesn't the prejudice really come up later when we don't know what happened at the trial court level? Yeah. And that the prejudice therefore is then the defect in the certificate. So although the courts say we're not supposed to look at harmless error here and that we require strict compliance and everything like that, I think an argument could be made that the prejudice is the defect because it's not serving its purpose later on down the road. And that it's not so much a prejudice against the client. It's not doing the duty of eliminating collateral appeals. Well, you say it's written in terms of strict compliance. Strict compliance would seem to be ostensibly inconsistent with having to show prejudice. If it says on its face you need strict compliance. Right. You mentioned collateral appeals. What did you mean by that? 604D relates to a direct appeal, doesn't it? It does. And if everything was raised and it was ensured at the trial court and everything was raised at the trial level, and things were then raised in a direct appeal, then rest judicata would work against raising those issues on collateral appeal. But if the rule had said what it said and didn't state that you have to review the transcript, but during the oral argument of the hearing he made references on the record that he in fact did. As Grice has said in several other cases that we just look to the four corners of the certificate. And that case is not before here. I know that there are cases that say if the certificate states that they followed all the rules, but then on the record proceeding impeaches that and shows that the certificate is untrue, then in that case it would be impeaching the certificate. But it's never gone the other way. If your honors don't have any more questions, I'll end here. I just want to say if we insist on allowing more, they will continue to cause confusion in the courts and continue to be unclear whether defense counsels are complying with the rule. To be effective, the certificate must say and. With that, we are asking that Mr. Easton's case be remanded for a new filing of 604A certificate in compliance with the amended rule and the rule under 269. Thank you. Anything further? I don't know. Okay. Thank you very much. Mr. Jacobs. I mean him. People. Pauline. Good morning, your honors. I'm Barry Jacobs on behalf of the people of the state of Illinois. As apparently in this case, may it please the court and counsel. It's the state's position in this case that where the, as in Moneau, where the certificate strictly complied. Moneau was the law at the time when the certificate was filed by Ms. Chuffo in the trial court. But it's the state's position that Moneau controls this case and that regardless of whether or not the certificate said or or and, it is to be taken as and. Well, let me stop you there. We have the Supreme Court amendment, which we know. The issue is retroactivity. We have a third district case. The most recent appellate court pronouncement on this, People v. Evans, says that in light of the amendments, it does apply retroactively. So why wouldn't Evans control it? I would note that that case is being challenged in the third district appeal, and it was filed by my office on February 14th. But it's still good law at the moment, isn't it? Pardon me? It's still good law at the moment. It is at the moment. I just wanted to note that. I would argue, the state would argue, that the analysis employed by the third district was an incomplete analysis under the Landgraab decision, and that they did find that it didn't impair a vested right. However, they didn't go through the entire analysis. It certainly doesn't increase the liability of the defendant. However, it does impose a new duty, a greater duty, on defense counsel to not specifically the and because that had been decided by 269. But this requirement that counsel certify that he or she examine the report proceedings regarding the sentence. The prior rule didn't have that requirement. Isn't this a pretty minor burden to put on defense counsel? You have a client. You've got a plea. Going forward, yes. And you've got a sentencing hearing. To ask counsel to put and in a certificate, this is not rocket science. The Supreme Court has laid it out in so many words. All you have to do is print it out, put it in there, and certify, obviously, that you have complied with those things. But this is not a large burden to put on defense counsel. It certainly isn't. And people would argue that going forward, the rules are clear. So what's the harm here? To prevent future collateral issues. We send this back and ask counsel, do both. And you can file your certificate and say, you know, I did it the first time. I filed the rule as it was. But I did do these things. Isn't that really the proper way to handle this? Based on Landgraf, because this does impose a new duty on counsel, as Landgraf, I believe it's Landgraf that is interpreted by the Yarbrough case that I cited. In that case, the court was deciding whether or not, I think it's Rule 231B, the Xeric Modest Rule, was retroactive. And it found that it would not impose that as a retroactive requirement because any case pending at that time on direct appeal would be subject to. But Xeric's a lot different than just, I mean, the Xeric admonishments are significantly different than just saying, look, here's my client's objecting to the plea and or sentence. I looked at it all. The Xeric admonishments, that goes right to the beginning of the trial. You get a new trial, new sentencing hearing or new right to plead if you choose to plead guilty now. I don't think there's a greater duty. Substantially greater duty. They're not even on the same level. You're going to be trying murder cases. I didn't mean to equate that they were on the same level. However, there would be a fair number of cases, I would suspect, that would be set back where the certificate, which was previously sufficient under the old rule, is now deemed insufficient. If a statute were to be held unconstitutional. I mean, don't we have here the Supreme Court saying, look, you've been doing this wrong all along. We've always contended. I think it is. Thomas in the special concurrence says, here is an occasion where or clearly meant and. It means it now and it meant it then. How do we ignore that and not find that this is retroactive? I can direct back to Minnow, which said that if it says or in the rule, then the certificate should be interpreted the same way. Minnow is an appellate court case, isn't it? Pardon? Minnow is an appellate court case? Yes. Subsequent to is in response to, from my recollection, the Tutsi non-decision directing. But still before the rule was amended. Yes. So the latest pronouncement of the Supreme Court. Can you make the argument it doesn't impose a new duty on counsel, just modifies an existing duty to specify that you've done both? Why is it really a new duty? Well, new or greater duty. The duty certainly was not present under the old rule. So it's a state argument that it's at least a greater duty that certainly wouldn't have been anticipated by counsel who was probably following the Minnow decision, thinking or is. Do the interests of justice enter into this equation at all? The interests of justice in this case were protected. This defendant filed a motion to reconsider sentence only. His plea counsel, his, this is not a, I believe, a luna case. His plea counsel, his sentencing counsel were the same person. It's reasonable to infer, as this Court did in the Minnow, that when she certified that she'd examined the report of proceedings regarding the plea or the sentence, and had consulted regarding those contentions, that, and ultimately then filed only a motion to reconsider, it's reasonable to infer that from the context that his rights were protected, he was able to present his condition of error regarding the sentence before the Court. Let me ask you a pointed question. If we decide to apply this rule retroactively, what cataclysmic events on the criminal justice system are going to occur? I don't know how cataclysmic, but I would think there would be whatever cases are pending that don't contain the language that the counsel certified, that they examined this report of proceedings regarding the sentencing, or they used the word and, which had been interpreted at least since choosing not as. So why couldn't the appellate court in each case decide whether it wanted to follow, I think it's Thomas' case, or Evan's case in the third district, or this decision if we were to final rate our retroactivity, or go along with Moneau? I'm not following the question. Why couldn't the... You said that Moneau was controlling. In this case. And when you say control, I think you mean precedential. Yes. As opposed to being persuasive. Yes, it should apply in this case. And you are aware that no panel of any district or no district can preclude any other district appellate court from rendering its own independent decision. Of course. And therefore, all prior cases are persuasive insofar as appellate court's decisions relating to interpretation or enforcement by appellate courts. So if you were incorrect when you said it's controlling... I should have said it's controlling. If you said persuasive, as Justice Hudson was inferring, what is there to keep any future appellate court from either deciding that Moneau, or Evans, or possibly this case, regardless of how we rule, is the more persuasive and go along with it? I would think ultimately a decision by the Supreme Court would clear up any... Right. What are you saying? In Illinois, we have vertical stare decisis. We do not have horizontal stare decisis. Right. And I misspoke when I said it should control. It's the state's position. Again, it's a question of the legislative or the drafter's intent in this case. And the effective date of this amendment was March 8, 2016. Based upon the land draft analysis, because this amendment does increase a duty or make a greater duty for counsel, it's the state's position that it should not be applied retroactively and that the incomplete analysis of the third district should be disregarded. Anything further? Nothing further, unless there are questions. All right. Thank you very much. Thank you. Your Honor, I just want to say that it would not open the floodgates by sending these back. The third district does it. The fourth district does it. It was amended in March. You said the fourth district does it? Yeah. Was there a voice decision by them? They did it, either Mason or Hobbs, Scarborough. None of those. Okay. And we have to remember that it's not every guilty plea we want. We're dealing with guilty pleas where they want to take it back. And we're dealing then with certificates that are filed incorrectly. So it's not just every single guilty plea that's going to come. And it's a limited amount of time. It was amended in March 8, 2016. So with that, it's not going to be creating a floodgate. And it's also going to stamp out further appeals down the line. So it might have a benefit later on. And also, if we allow the amendment to be applied retroactively, then it would make it very clear to attorneys what they do. So then we don't have to keep having these decisions conflicted to the appellate court to decide whether it's applying with the old rule before. So ultimately, it would make less work in the criminal justice system instead of more. That's what I'm trying to say, yes. With that, Your Honor, do you have any more questions? Thank you. All right. Let's thank both counsel for following the arguments here this morning. The matter will, of course, be taken under advisement. A written decision will issue in due course. We stand to reassist to prepare for the next case. Thank you.